### ALBERT M. WENTWORTH *vs.* WILLIAM L. GERRISH.

York County. Decided March 22, 1922. The declaration in this cause contains two counts alleging criminal conversation with plaintiff's wife and a third count charging defendant with alienation of the affections of plaintiff's wife. The jury found a verdict for the plaintiff and assessed damages in the sum of $7,888.33.

The case is before us on general motion for new trial, with especial attack upon the amount of the verdict.

We have examined the record carefully. That a verdict for the plaintiff is the only verdict which could be found under all the testimony is our firm conviction. But the question of damages is as much within the realm of the jury's deciding right as the question of liability. The entire charge of the presiding Justice is made part of the report, and examination of that charge shows the law relating to both compensatory and exemplary damages to have been given with unusual clarity and completeness. No exceptions thereto were taken.

As bearing upon the question of wealth of the respondent and its effect upon the amount of exemplary damages, there is no satisfactory evidence. The defendant testified as to his business and that he had, roughly speaking, an equity in perhaps a dozen houses.

How great that equity might be does not appear. In *Audibert v. Michaud,* 119 Maine, 295, a case of criminal conversation and alienation of affections, where a verdict for $7,000.00 was rendered, this court sustained the verdict, saying: ''It was for them (the jury) to say how much the plaintiff should recover for a stolen wife and a broken home.'' It is urged by the defendant that the plaintiff's own conduct was largely if not wholly the cause of the loss of his wife's affections, but all these questions of fact were passed upon and decided by the jury who saw the witnesses and heard them testify. We do not feel that we should disturb their finding either upon the question of liability or amount of damages. Motion overruled. *Franklin R. Chesley and Emery, Waterhouse & Paquin,* for plaintiff. *John P. Deering and Willard & Ford,* for defendant.